# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYREE LAWSON, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-2432 |
| | : | |
| MELISSA DELLIPONTE, | : | |
|     Defendant. | : | |

_____

| | | |
|---|---|---|
| TYREE LAWSON, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-2434 |
| | : | |
| JAIME LUQUIS, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**McHUGH, J.**                                                                                                           **JULY 24, 2019**

Plaintiff Tyree Lawson, a prisoner currently incarcerated at SCI Phoenix, filed a civil action pursuant to 42 U.S.C. § 1983 based on allegations involving the denial of his prison work assignment, and his ability to communicate with outside parties and his incarcerated son.[1] (*See* ECF No. 2.) Lawson also seeks to proceed *in forma pauperis*. For the following reasons, the Court will deny Lawson leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) and require that he pay the filing fees if he wishes to continue with his cases.

---

[1] In an Order entered on June 5, 2019 in Civil Action 18-3670, the Court directed that claims Lawson filed therein be severed into the two above captioned civil actions. All references herein to docket entries are to the identical entries in the two above captioned civil actions.

1

I. **BACKGROUND**

Mr. Lawson has a long history of litigating meritless claims in the United States District Courts. *See Lawson v. Crowther*, W.D. Pa. Civ. A. No. 17-39 (October 30, 2018 Report and Recommendation that Second Amended Complaint be dismissed with prejudice and without leave to amend for failure to state a claim upon which relief may be granted; December 12, 2018 Order adopting Report and Recommendation and dismissing case with prejudice); *Lawson v. Barger*, W.D. Pa. Civ. A. No. 17-97 (December 12, 2018 Order dismissing case with prejudice for failure to state a claim upon which relief can be granted); *Lawson v. Hollis*, W.D. Pa. Civ. A. No. 17-96 (March 14, 2018 Order adopting as opinion of the Court a recommendation to dismiss the amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6)); *Lawson v. Crowther*, W.D. Pa. Civ. A. No. 17-39 (December 12, 2018 Order dismissing second amended complaint with prejudice for failure to state a claim as set forth in report and recommendation); *Lawson v. Hoisington*, E.D. Pa. Civ. A. No. 11-171 (July 22, 2014 Order dismissing complaint with prejudice as "legally frivolous and for failure to state a claim"); *Lawson v. SCI-Graterford Facility Manager*, Civ. A. No. 19-1739 (April 26, 2019 Order denying *in forma pauperis* pursuant to § 1915(g)). In denying Lawson's Motion to Proceed *In Forma Pauperis* in Civil Action 19-1739, the Court fully set out the history of Lawson's accumulation of "three strikes" for purposes of § 1915(g) and determined that, because the section applied, Lawson must demonstrate in future cases that imminent danger of serious physical injury existed in order to be granted *in forma pauperis* status.

Acknowledging this fact, Mr. Lawson has appended an Affidavit in Support of Imminent Danger to his current Motions. (*See* ECF No. 6.) In the Affidavit he repeats allegations from his

Complaints and adds allegations concerning cell searches, his being handcuffed, strip searched, and placed in restricted housing due to possession of contraband; interference with access to his legal materials; and interference with his personal property. He also asserts that after he filed a grievance, he "was informed that SCI Phoenix's Unit Managers and Shift Lieutenant held a little meeting in pursuit of arranging better management of the institution [] when both plaintiff's name and the 'pain in the ass grievances plaintiff continues to file became relevant on several separate occasions.' In result person directed plaintiff to 'watch you ass.'" (*Id.* at 3.)

## II. STANDARD OF REVIEW

The *in forma pauperis* statute, 28 U.S.C. § 1915, allows indigent litigants to bring an action in federal court without prepayment of filing fees, ensuring that such persons are not prevented "from pursuing meaningful litigation" because of their indigence. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir.2001) (en banc) (internal quotation marks omitted). But, as Congress has recognized, people who obtain IFP status are "not subject to the same economic disincentives to filing meritless cases that face other civil litigants," and thus the provision is susceptible to abuse. *Id.* (citing 141 Cong. Rec. S7498-01, S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl)). In particular, the number of meritless claims brought IFP by prisoners grew "astronomically" from the 1970s to the 1990s, *id.* (quoting 141 Cong. Rec. S14408-01, S14413 (daily ed. Sept. 27, 1995) (statement of Sen. Dole)), and "[p]risoner litigation continues to account for an outsized share of filings in federal district courts," *Jones v. Bock*, 549 U.S. 199, 203 (2007) (internal quotation marks omitted).

"[I]n response to the tide of substantively meritless prisoner claims that have swamped the federal courts," Congress enacted the Prison Litigation Reform Act ("PLRA") in 1996. *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) *abrogated in part on other grounds* by *Coleman v.*

*Tollefson,* ––– U.S. –––, 135 S.Ct. 1759, 1763, 191 L.Ed.2d 803 (2015). (quoting *Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000)) (internal quotation marks omitted). Among other things, the PLRA implemented the so-called "three strikes rule," which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). Put more simply, under the PLRA, a prisoner with three prior strikes can obtain IFP status only if he is in imminent danger of serious physical injury. Courts must consider a *pro se* prisoner's allegations of imminent danger "under our liberal pleading rules, construing all allegations in favor of the complainant." *Gibbs v. Cross*, 160 F.3d 962, 966 (3d Cir. 1998).

## III. DISCUSSION

There is no question that Mr. Lawson has already run afoul of section 1915(g)'s "three-strikes-and-you're-out policy." *See* Civ. A. No. 19-1739 (April 26, 2019 Order denying *in forma pauperis* pursuant to § 1915(g)). The PLRA is quite clear that, in general, a prisoner who has already brought three meritless actions loses the privilege of IFP status. *See Abdul-Akbar*, 239 F.3d at 314 (noting that "[i]n stark terms," the PLRA "declared that the IFP privilege will not be available to prisoners who have, on three occasions, abused the system by filing frivolous or malicious lawsuits or appeals, no matter how meritorious subsequent claims may be"). The Act provides a limited exception to that rule when a prisoner is in "imminent danger of serious physical injury," which serves as a "safety valve" to ensure that a prisoner is not subject to serious injury due to his inability to pay a filing fee. *Ball*, 726 F.3d at 467. The imminent

4

danger exception thus creates a narrow opening for a particular type of claim; it is not a legal incantation to be invoked simply to avoid the three-strikes rule. *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009) (concluding that the exception's "unmistakable purpose is to permit an indigent three-strikes prisoner to proceed IFP in order to obtain a judicial remedy for an imminent danger," not to allow such a litigant to "file an unlimited number of lawsuits, paying no filing fee, for anything from breach of a consumer warranty to antitrust conspiracy"). Courts have required such allegations to be precise and to identify genuine harm likely to occur in the near future. "Imminent dangers are those dangers which are about to occur at any moment or are impending." *Abdul-Akbar*, 239 F.3d at 315 (internal quotation marks omitted). A prisoner's allegation that he faced imminent danger in the past is "an insufficient basis to allow him to proceed *in forma pauperis*." *Ball*, 726 F.3d at 467 (quoting *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir.1999)) (internal quotation marks omitted). Practices that "may prove detrimental . . . over time," such as poor care for arthritis, also "do not represent imminent dangers," as the harm is not "about to occur at any moment." *Id.* at 468 (quoting *Abdul-Akbar*, 239 F.3d at 315) (internal quotation marks omitted). Finally, even if an alleged harm may in fact be "impending," it does not satisfy the exception if it does not threaten to cause "serious physical injury." 28 U.S.C. § 1915(g); *see also Ball*, 726 F.3d at 468 (suggesting that certain complaints, such as being forced to work in inclement weather, "may not be 'danger' at all") (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). When considering whether imminent danger of serious physical injury has been alleged, courts may reject "vague" or "conclusory" allegations as insufficient to provide a basis for IFP status. *Id.*

     Mr. Lawson's allegations that he was subject to cell searches, handcuffing, strip searches, and placement in restricted housing do not meet the imminent danger standard. These do not

5

assert any physical injury, let alone a serious or imminent one.  Neither do Lawson's allegations concerning his legal materials and personal property meet the standard.  Finally Lawson's allegation that one of his grievances led to an unnamed person on May 3, 2019 advising him to "watch you ass" is too vague to satisfy the standard and, more importantly, is not the basis for any claim contained in Lawson's Complaints, all of which involve conduct allegedly occurring in 2017 and 2018.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Lawson's Motion to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915(g).  Should Lawson desire to litigate his claims he must pay the full filing fees in advance.  An appropriate Order follows.

**BY THE COURT:**

**/s/ Gerald Austin McHugh**
_____
**GERALD A. McHUGH, J.**